**JS-6**
**O**

# United States District Court
# Central District of California

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., <br><br> Plaintiff, <br> v. <br> ROSS STORES, INC., et al., <br><br> Defendants. | Case № 2:19-cv-09604-ODW(AFMx) <br><br> **ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS AS MOOT [14]** |

## I. INTRODUCTION

Pending before the Court is Defendants Myth Closing, Inc's ("Myth") and Ross Stores, Inc.'s ("Ross") ("Defendants") Motion to Dismiss for: (1) lack of personal jurisdiction; (2) improper venue; or, alternatively, (3) to transfer this action. (Mot. o Dismiss ("Mot."), ECF No. 14.) For the reasons to follow, the Court **TRANSFERS** the matter to the Southern District of New York.

## II. FACTUAL BACKGROUND

Plaintiff Gold Value International Textile, Inc., is a California corporation, doing business as "Fiesta Fabric" ("Fiesta"). Fiesta's business operation involves creating and purchasing two-dimensional design art works for use on fabric textiles, and selling these fabric textiles to parties in the fashion industry. (Opp'n to Mot. ("Opp'n") 5, ECF No. 16; Decl. of Morris Ajnassian ("Ajnassian Decl.") ¶¶ 4–6, ECF

No. 16-1.) Myth is a New York corporation with its principal place of business in New York and provides wholesale garments to retailers. (Mot. 2.) Ross is a nationwide retailer of apparel, which is headquartered in California and incorporated in Delaware. (Compl. ¶ 5, ECF No. 1; Mot. 3.)

Fiesta alleges it created an original two-dimensional artwork for the purposes of textile printing (designated as internal Design No. 206-A100293), and secured a United States Copyright Registration for this design (the "Subject Design"). (Compl. ¶¶ 10–12.) Fiesta further alleges that without its authorization, Ross and Myth created, sold, manufactured, and distributed garments comprised of fabric featuring a design that is identical or substantially similar to the Subject Design (the "Product"). (Compl. ¶ 13.)

On November 11, 2019, Fiesta filed an action against Ross and Myth asserting claims for: (1) copyright infringement; and (2) vicarious and/or contributory copyright infringement. (Compl. ¶¶ 15–28.) Defendants now move to dismiss this action on the grounds that (1) this Court lacks personal jurisdiction, and (2) a proper statutory basis for proper venue. (*See* Mot.) Alternatively, Defendants move to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (Mot. 1.)

## III. LEGAL STANDARD

### A. PERSONAL JURISDICTION

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears a burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Where "the motion is based on written materials rather than an evidentiary hearing, "'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Although "uncontroverted allegations in the complaint must be taken as true,"

the party asserting jurisdiction cannot "simply rest on the bare allegations of its complaint." *Id.*

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Id.* "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Id.* at 1016.

**B.  IMPROPER VENUE**

A defendant may move to dismiss a complaint for improper venue pursuant to Rule 12(b)(3). Once venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *Piedmont Label Co. v. Sun Garden Packing*, 598 F.2d 491, 496 (9th Cir. 1979). On a motion to dismiss for improper venue, "the allegations in the complaint need not be accepted as true and the Court may consider evidence outside the pleadings." *eBay Inc. v. Dig. Point Sol., Inc*., 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009).

**C.  TRANSFER**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section 1404(a) "gives a district court broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."). "The burden is on the moving party to establish that a transfer would allow a case to proceed more

conveniently and better serve the interests of justice." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007).

## IV. DISCUSSION

### A. SPECIFIC JURISDICTION

Myth argues that this Court has neither general nor specific jurisdiction over Myth. (Mot. 6–7.) Fiesta only disputes Myth's assertion that the Court lacks specific jurisdiction over it. (*See* Opp'n.) Accordingly, the Court limits its discussion solely to specific jurisdiction.

To establish specific personal jurisdiction, a plaintiff must show that the claim arose out of or relates to defendant's contacts with the forum. *Bristol-Meyers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1778 (2017). The Ninth Circuit established the following general test for determining specific jurisdiction: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum;" (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citing *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002).

In copyright infringement cases, the Ninth Circuit has narrowed the test for specific jurisdiction by requiring the plaintiff to show that defendant purposefully directed its activities to the forum and that the claim arose out of or resulted from defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802; *Adobe Sys. Inc., v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 960 (N.D. Cal. 2005) (quoting *Dole Food Co.*, 303 F.3d at 1111). Accordingly, only if the plaintiff satisfies its burden, does the burden then shift to defendant to "present a compelling case" that the exercise of jurisdiction is not reasonable. *Id.*

To establish purposeful direction, the plaintiff must show that: (1) the defendant committed an intentional act; (2) the defendant's act was expressly aimed at the forum

state; and (3) the defendant knew the harm was likely to be suffered in the forum state. *Axiom Foods, Inc.* 874 F.3d at 1069.

Here, Fiesta satisfies the first prong. First, Fiesta alleges that Myth created, sold, manufactured, and distributed fabric garments featuring Fiesta's copyright-protected design. (Compl. ¶ 13.) Second, Myth allegedly failed to secure Fiesta's authorization to use the design. (Compl. ¶ 13.) Thus, Fiesta's allegations are sufficient to establish that Myth's acts were intentional.

Regarding the second prong, Fiesta's only allegation indicating "purposeful direction" is that Myth is doing business in California. (Compl. ¶ 6). Fiesta merely alleges that Myth "knew" Ross would sell the alleged garments in California.[1] (Opp'n 6.) However, the Court finds these allegations insufficient to show "purposeful direction" for the reasons to follow.

First, Fiesta's allegation that Myth conducts business in California is a conclusory statement contradicted by evidence submitted by Myth. (*See generally* Decl. of Arun Kumar ("Kumar Decl."), ECF No. 14-2.) In examining the "purposeful direction" prong, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo v. Brand Techns, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotations marks omitted). Here, Myth submits a declaration establishing that its business is exclusive to New York, and it does not target, advertise or sell to California. (Mot. 2–3; Kumar Decl. ¶ 5–8.) Myth offers its products for sale and conducts all of its exhibitions of samples and solicitation of its product lines only through its New York showroom. (Kumar Decl. ¶ 5; Mot. 2.) Myth also does not own an office, or telephone number in California, does not have employees or a bank account in California. (Kumar Decl. ¶ 7.) Myth is not licensed or registered in California. (Kumar Decl. ¶ 8.) Additionally, Myth's customers travel

---

[1] For instance, Fiesta argues that because Ross has its headquarters, a buying office, and three warehouses in California, Myth necessarily knew that Ross would sell the infringing garments in California and thus, purposefully directed its actions toward California. (Opp'n 6.)

to its New York showroom to view Myth's products and discuss potential sales. (Kumar Decl. ¶ 6.) Consequently, Myth's evidence is sufficient to refute Fiesta's allegation. *Lang v. Morris*, 823 F. Supp. 2d 966, 977 (N.D. Cal. 2011) ("To the extent that Plaintiffs do allege Defendant's involvement in markets that would include California . . . those allegations are unsupported and refuted by [defendant].").

Fiesta also argues that by entering into its agreement with Ross, Myth purposefully directed its activities toward California, "knowing full well that Ross would also sell Infringing Garments in California." (Opp'n 6.) Again, Fiesta's argument is insufficient for the following reasons.

The showing required to establish "purposeful direction" demands "something more" than mere foreseeability to justify the assertion of personal jurisdiction. *Schwarzenegger,* 374 F.3d at 805. "[T]he express aiming requirement . . . is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1077 (9th Cir. 2011). Additionally, in copyright infringement actions mere "knowledge that the plaintiff resides in the forum is insufficient, on its own, to establish express aiming." *See Lang*, 823 F. Supp. 2d at 972; *see Love v. Assoc.'d Newspapers, Ltd.*, 601, 609 (9th Cir. 2010) ("'Where a defendant's aim was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient to satisfy the [purposeful direction] test.")

Thus, even viewing the allegations in the light most favorable to Fiesta, Fiesta failed to meet its burden of establishing that Myth's act was expressly aimed at California or that Myth knew the harm was likely to be suffered in the forum state. Consequently, Fiesta failed to establish that Myth purposefully directed its conduct at California, and, therefore, this Court lacks specific jurisdiction over Myth.

### B. IMPROPER VENUE AND TRANSFER OF THE ACTION AGAINST MYTH

In copyright infringement claims, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

If the Court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought." 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982). "[G]enerally it is preferred to transfer the case rather than dismiss it altogether." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). Furthermore, the Court "need not have personal jurisdiction over the defendant(s) to order transfer." *Id.* (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67(1962)).

Given the Court's lack of personal jurisdiction over Myth, the Central District of California is an improper venue as to Myth. *See Adobe Sys. Inc.*, 125 F.3d at 959 (explaining that the analysis on a motion to dismiss for improper venue is the same as the analysis on motion to dismiss for lack of personal jurisdiction); *Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*, 2018 WL 6164766, at * 8 (C.D. Cal. 2018) (concluding that the venue is not proper because the court lacks personal jurisdiction over the defendant).

Accordingly, the Court concludes that the action against Myth should be transferred to the Southern District of New York because Fiesta could have properly brought the case there. Myth is a New York corporation with its principal place of business in New York. (Mot. 1.) Moreover, the majority of the events giving rise to Fiesta's claim occurred in New York. (Kumar Decl. ¶¶ 5–13.) Accordingly, venue is

proper in the Southern District of New York. Lastly, as explained below, the transfer will promote the convenience of the parties and witnesses and the interest of justice.

## C. TRANSFER OF THE ACTION AGAINST ROSS

At issue is whether the Court should transfer the entire case pursuant to section 1404(a). Section 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Accordingly, the Court finds that transfer of the entire action will promote the convenience of the parties and witnesses and is in the interest of justice.

The Ninth Circuit has noted that, in making the decision, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Furthermore, in deciding a motion under section 1404(a), courts should seek to promote judicial economy. *See Ferens v. John Deere Co*., 494 U.S. 516, 531 (1990) (to allow two cases involving precisely the same issues simultaneously pending in multiple district courts "leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent.")

### 1. *Plaintiff's Choice of Forum*

Fiesta correctly points out that the plaintiff's choice of forum is typically given considerable weight. (*See* Opp'n 16.) However, "where the forum lacks any significant contact with the activities alleged in the complaint, [a] plaintiff's choice of

forum is given considerably less weight, even if the plaintiff is a resident of the forum." *Cohen v. State Farm & Cas. Co.*, No. 09-cv-1051-AWI (DLBx), 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009) (collecting cases). In other words, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Here, as noted above, the majority of the facts giving rise to this case arose in New York. In New York, Myth marketed garments to retailers, and Ross visited Myth's showroom to purchase the allegedly infringing garments. (Mot. 2–3.) By contrast, the principal connection between the Central District of California and the operative facts of this case is a single garment purchase from a Ross store in Los Angeles. (Ajnassian Decl. ¶ 8.) Accordingly, California lacks a significant connection to the activities which form the basis of Fiesta's Complaint. *See Cohen*, 2009 WL 2500729, at * 3. Thus, this factor weighs in favor of transfer.

*2. The Remaining Factors*

Furthermore, transfer to the Southern District of New York will allow greater access to sources of proof because most of the operative facts occurred in New York. (Compl. ¶ 13). For instance, Myth's corporate records are located in New York and will likely serve as most of the evidence concerning infringement. *See Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (holding that in copyright infringement cases the "bulk of the relevant evidence usually comes from the accused infringer.") Additionally, Myth's sales of the infringing garments, including its sales to Ross, are likely held in Myth's office in New York. (Mot. 3.) Moreover, Ross has a buying office in New York in close proximity to Myth. (Mot. 3.) Lastly, Ross buyers routinely travel to Myth's office to promote their fashion line and transact business. (Mot. 3.)

Likewise, many of the witnesses with knowledge of the creation, distribution and sale of the infringing product, are likely to be located in New York. (Opp'n 2–3; *see Amini Innovation Corp.* 497 F. Supp. at 1111 ("The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to §1400 is appropriate").)

To finish, a transfer will promote judicial efficiency because this Court has already determined that the Central District of California is not a proper venue for Myth. If the Court does not transfer the entire action, Fiesta will likely pursue litigation in two separate judicial districts, which would waste judicial resources, and place an additional burden on Fiesta. *See Ferens*, 494 U.S. at 531.

Thus, after examining Fiesta's arguments and carefully weighing the relevant factors, the Court finds that a transfer will promote the convenience of the parties and witnesses, and the interest of justice.

Therefore, the Court **TRANSFERS** this case to the Southern District of New York. (ECF No. 14.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Transfer Venue. (ECF No. 14.) The Clerk of the Court shall transfer this case to the United State District Court for the Southern District of New York, Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007.

**IT IS SO ORDERED.**

April 23, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**